# IN THE WESTERN DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

In Re the Matter of:                )
                                    )
SHERRY L. BOWLING,                  )        No. 06-CV-5041-SW-FJG
                                    )
      Debtor/Appellant             )
                                    )

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION, CASE NO. 01-31346 JWV
HONORABLE JERRY W. VENTERS, JUDGE

## ORDER

### I. BACKGROUND

This case involves a Chapter 7 bankruptcy filed by Debtor/Appellant Sherry L. Bowling. Ms. Bowling listed her personal injury claim and claimed that it was exempt. The Trustee filed an objection to the claimed exemption. Ms. Bowling responded to the objection, denying it. The Bankruptcy court entered an order granting the Trustee's objection to the debtor's exemptions as to $50,000. Ms. Bowling moved the bankruptcy court to reconsider and vacate this order and enter an order sustaining her claimed exemption regarding her personal injury claim. On August 6, 2004, the Bankruptcy court denied this motion and granted the Trustee's motion to dismiss. The Debtor appealed to this Court which reversed and remanded the case on September 30, 2005. The Order remanding the case instructed the Bankruptcy Court to conduct a new hearing at which it would address the merits of the dispute and determine whether Ms. Bowling's personal injury claim is exempt and if so to what extent. The Bankruptcy

Court held the hearing on February 22, 2006. On April 4, 2006, the Bankruptcy Court issued an Order determining that the debtor and the Trustee had a binding agreement and sustained the Trustee's objection to the first $25,000 the Debtor recovers from State Farm and as to the first $25,000 the Debtor recovers under Holstein's underinsured motorist coverage. The Court stated that any recoveries in excess of these amounts would be exempt. Ms. Bowling appealed from that Order and on November 27, 2006, this Court affirmed the April 4, 2006 Order of the Bankruptcy Court. Ms. Bowling has now filed a Motion for Rehearing pursuant to Federal Rule of Bankruptcy Procedure 8015 and Federal Rule of Appellate Procedure 6(b)(2)(A) (Doc. # 19).

## II. DISCUSSION

In her Motion for Rehearing, debtor argues that there are five points which this Court overlooked or misapprehended. The Trustee argues that all of the issues raised by the debtor have been thoroughly argued and briefed before both the Bankruptcy Court and this Court. The Trustee states that the debtor has cited no new caselaw or argument which would justify modifying this Court's decision. In reply, the Debtor states that the Court overlooked or misapprehended material issues and facts including: Sherry Bowling's testimony and pleadings in opposition to the "agreement"; the problems with the releases reflecting the misunderstanding between Mr. Plaster and the Trustee; the actual language and merits of the objection the Trustee made to the debtor's exemption; and the fact that the April 4, 2006 Order of the Bankruptcy Court found the existence of an "agreement" which was different from its prior Order of June 28, 2002 and also different from the Trustee's testimony. Debtor argues that this

2

Court's November 27, 2006 Order fails to mention important caselaw and legal authority.

The Court disagrees and does not believe that it overlooked or misapprehended any caselaw or issues. The Court reviewed the three cases cited by the Debtor and does not find them analogous. The Debtor is simply attempting to reargue the issue which Judge Venters decided in his April 4, 2006 Order - whether the agreement which was reached with the Trustee was binding. As was noted in the November 27, 2006 Order, Judge Venters analyzed whether there was a "meeting of the minds" between the Trustee and her bankruptcy counsel and he also analyzed whether there was sufficient consideration for the agreement. Simply because the Debtor does not agree with this conclusion does not mean that it is incorrect.

### III. CONCLUSION

Accordingly, the Court hereby **DENIES** Appellant's Motion for Rehearing (Doc. # 19).

Date: 2/27/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge